IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OWEN JAMES KELLEY, | : | Civil No. 3:24-cv-626 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| SCHUYLKILL COUNTY PRISON, | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Owen James Kelley ("Kelley"), an inmate confined at the Schuylkill County Prison, in Pottsville, Pennsylvania. (Doc. 1). Kelley seeks to proceed *in forma pauperis*. (Doc. 2). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (b)(2).

### I.  Legal Standards

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Kelley proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Kelley filed this § 1983 action against the Schuylkill County Prison. (Doc. 1). It is clear that Kelley has failed to name a proper Defendant in this action. As stated, section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. *See* 42 U.S.C. § 1983. It is well-settled that a prison or correctional facility is not a "person" within the meaning of § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973).

In addition, after thoroughly reviewing the complaint and applicable law, the Court draws on its judicial experience and concludes that the claims raised by Kelley are frivolous and fail to state a claim for relief. In the complaint, Kelley alleges that he received "scraps" of contaminated oatmeal. (Doc. 1, p. 4). As a result, he alleges that he suffers from post-

traumatic stress disorder, mental anguish, anxiety, and fear of retaliation. (*Id.*). Under the most liberal construction, Kelley's complaint fails to state a claim for relief.

Section 1997e(e) of Title 42 provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). More than a *de minimis* physical injury must be alleged as a predicate to allegations of mental or emotional injury. *See Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). Kelley alleges that he suffered only mental distress. (Doc. 1, p. 4). Kelley does not allege that he suffered *any* physical injury, let alone a *de minimis* physical injury, as required for a predicate to emotional injury. *See Mitchell*, 318 F.3d at 534-36. In accordance with the above legal standards, Kelley has failed to state a claim upon which relief may be granted. As such, the Court will dismiss the complaint as legally frivolous, for failure to state a claim, and based upon the Defendant's immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and § 1915A(b)(1), (2).

## III.   Leave to Amend

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Kelley. *See Erickson*, 551 U.S. 89. The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for

failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Based on the nature of the allegations, it is clear that affording Kelley leave to amend would be futile.

## IV.   Conclusion

The Court is confident that service of process is unwarranted in this case and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C. § 1915A(b)(1), (b)(2). A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April ___, 2024